UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
U.S. Commodity Futures Trading     :
Commission,                        :
                                   :
                    Plaintiff,     :
                                   :
      -against-                    :
                                   :    05 civ 08422(KMW)
Alexsander Efrosman a/k/a Alex     :    Opinion and Order
Besser, AJR Capital Inc., and      :
Century Maxim Fund Inc.,           :
                                   :
                    Defendants.    :
-----------------------------------X

WOOD, U.S.D.J.

    On March 27, 2007, the Court entered a default judgment in this action against Defendants Alexsander Efrosman, AJR Capital Inc., and Century Maxim Fund Inc. (together, "Defendants"), finding that Defendants' participation in a fraudulent foreign currency trading scheme violated the Commodities Exchange Act and Commodity Futures Trading Commission ("CFTC") regulations. In its default judgment, the Court ordered civil monetary penalties against Defendants, as well as disgorgement and restitution to Defendant's victims. The Court ordered Defendants to turn over all assets to a Restitution Monitor, including funds in two North Fork Bank accounts (the "North Fork funds"). By motion dated November 7, 2007, Intervenors Eric J. Migliorino, Rosa Migliorino, Gerardo Lordi, Maria Lordi, and Vincenzo Lordi (collectively, "the Migliorino Intervenors") seek priority over

1

the North Fork funds.

For the reasons stated below, the Migliorino Intervenors' motion is DENIED without prejudice, and the Court orders additional submissions from the Migliorino Intervenors and the CFTC.

I. Discussion

Prior to the entry of default judgment in the above action, the Migliorino Intervenors received a default judgment in a New Jersey court against Defendant AJR Capital, and filed a writ of execution with the Somerset County Sheriff's Office, with instructions to levy AJR Capital's North Fork funds. The Migliorino Intervenors, who are among the victims of Defendants' foreign currency trading scheme, argue that their writ of execution gives them priority over the North Fork funds. In their reply brief, they also argue that the Court lacks subject matter jurisdiction over the above action. The CFTC argues that the North Fork funds should be distributed pro rata to all victims.[1]

The Court notes that although generally a creditor who first files a writ of execution enjoys priority over disputed funds, equitable considerations may warrant other distributions. See, e.g., S.E.C. v. Credit Bancorp, Ltd., 138 F. Supp. 2d 512, 531

---

[1] Other victims have also intervened with respect to this motion, and likewise argue for pro rata distribution. See Iatarola Mem. of Law.

2

(S.D.N.Y. 2001) (imposing a "constructive trust" on assets that a party "in equity and good conscience" should not retain, and finding that such a trust "cuts off the rights" of certain creditors). However, the Court requires additional information before it can determine the most equitable distribution of funds, and also seeks supplemental briefing on several questions.

Accordingly, the Court denies the Migliorino's motion without prejudice, and grants them leave to refile their motion no later than October 6, 2008.

No later than October 6, 2008, the Migliorino Intervenors shall provide the Court with the following submissions:
1) Evidence and legal authority supporting their claim that the Court lacked subject matter jurisdiction over this action;
2) Legal authority regarding the circumstances in which a court can withdraw a final judgment for lack of subject matter jurisdiction;
3) A copy of the Complaint in the New Jersey action;
4) An affidavit supporting their assertion that the CFTC recommended that they file a separate lawsuit against Defendants AJR Capital and Efrosman;
5) Legal authority regarding the circumstances under which a court may impose a constructive trust on bank funds;
6) Examples of equitable considerations that courts have taken into account when distributing funds among creditors;

7) Any evidence that the North Fork funds can be traced directly to them; and

8) Any additional information that may be relevant to the determination of this action.

<u>No later than October 6, 2008, the CFTC shall provide the Court with the following submissions</u>:

1) Evidence and legal authority regarding the Court's subject matter jurisdiction over this action;

2) Legal authority regarding the circumstances in which a court can withdraw a final judgment for lack of subject matter jurisdiction;

3) An affidavit describing any recommendations made by the CFTC that the Migliorino Intervenors file a separate lawsuit against Defendants AJR Capital and Efrosman;

4) Legal authority regarding the circumstances under which a court may impose a constructive trust on bank funds;

5) Examples of equitable considerations that courts have taken into account when distributing funds among creditors;

6) A list of Defendant's identifiable assets;

7) Evidence, if any, that the North Fork funds can be traced directly to Defendants' fraud;

8) Evidence, if any, that the North Fork funds can be traced to specific victims, and a list of these victims;

9) Any additional information that may be relevant to the

determination of this action.

The CFTC and the Migliorino Intervenors shall respond to each other's submissions no later than October 27, 2008. The CFTC and Migliorino Intervenors may file a reply no later than November 3, 2008.

The other Intervenors in this action may file a response to either set of submissions no later than October 27, 2008.

II. Conclusion

This motion to determine priority is DENIED without prejudice, and may be refiled no later than October 6, 2008 (D.E. 52). The CFTC and Migliorino Intervenors shall file supplemental submissions as described in this order.

SO ORDERED.

DATED:   New York, New York
         August 19, 2008

*(signature)*
KIMBA M. WOOD
United States District Judge